***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOMMIE TELFAIR, | : | |
| | : | Civil Action No. 16-5085 (SDW) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| LORETTA LYNCH, et al., | : | |
| Respondents. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Tommie Telfair's petition for a writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241 challenging his criminal conviction and sentence. (ECF Nos. 1-2). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition as time barred.

**I. BACKGROUND**

Petitioner, Tommie Telfair, seeks in his current habeas petition to challenge his conviction for conspiracy to distribute and possession with intent to distribute one kilogram or more of cocaine, essentially by challenging this Court's jurisdiction to hear his criminal matter by asserting

both that Congress never gave this Court jurisdiction over such criminal matters and that, even if Congress had done so, the Court never acquired jurisdiction over Petitioner because he was not served with process prior to his being arrested.  (ECF Nos. 1-2).  Following a guilty verdict in February 2010, Petitioner was sentenced to 240 months imprisonment on both charges, to run concurrently with one another, as well as a period of supervised release, in November 2011.  *See United States v. Telfair*, 507 F. App'x 164, 169 (3d Cir. 2012), *cert. denied*, --- U.S. ---, 134 S. Ct. 167 (2013); *Telfair v. United States*, No. 13-6585, 2016 WL 632225, at * 9-10 (D.N.J. Feb. 17, 2016).  Following his conviction, Petitioner appealed.  On direct appeal, however, Petitioner's attorney filed an *Anders* brief, arguing that there was no meritorious basis for an appeal in his professional judgment, and arguing that the appeal should be dismissed.  *Telfair*, 507 F. App'x at 169-70; *see also Anders v. California*, 386 U.S. 738, 744 (1967).  Although the Third Circuit found counsel's *Anders* brief inadequate, the Court of Appeals ultimately concluded after a thorough review that Petitioner's case presented no meritorious basis for appeal, and affirmed Petitioner's conviction in December 2012.  *Telfair*, 507 F. App'x at 171-79.  Petitioner petitioned for certiorari, but that petition was denied on October 7, 2013.  *Telfair v. United States*, --- U.S. ---, 134 S. Ct. 167 (2013).  Petitioner's request for a rehearing before the Supreme Court was likewise denied on December 9, 2013.  *Telfair v. United States*, --- U.S. ---, 134 S. Ct. 815 (2013).

Following the conclusion of his direct appeal, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in this Court on or about October 25, 2013.  (Docket No. 13-6586 at ECF No. 1).  On February 17, 2016, this Court entered an order and opinion denying all of Petitioner's § 2255 claims except one – Petitioner's claim that he should have been granted a hearing as to his *Miranda* suppression motion – and denied Petitioner a certificate of

2

appealability as to all of his denied claims.[1]  *See Telfair*, 2016 WL 632225 at *10-26.  (*See also* Docket No. 13-6585 at ECF Nos. 36-37).  An evidentiary hearing on Petitioner's *Miranda* claim in his § 2255 matter is currently set for December 15, 2016.  (Docket No. 13-6585 Docket Sheet).

On or about August 19, 2016, Petitioner filed the instant habeas petition, purportedly brought pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Petitioner thereafter filed a brief in support of that Petition on or about September 1, 2016).  (ECF No. 2).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] Petitioner initially attempted to appeal the February 2016 Order, but that appeal was dismissed for lack of jurisdiction in June 2016.  (Docket No. 13-6585 at ECF Nos. 38-41).

**B. Analysis**

Petitioner seeks to use § 2241 to challenge his federal conviction and sentence. A challenge to the validity of a federal conviction or sentence, however, must normally be brought pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). As the Third Circuit has explained, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (quoting *Cradle . U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Id.* (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21 (finding exception does not apply where a petitioner claims that his sentence, which was originally proper, now violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Dorsainvil*, 119 F.3d at 251-52 (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim). Section 2255 is therefore not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at

4

120 (quoting *Dorsainvil*, 119 F.3d at 251). The inadequate remedy safety valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539.

In this matter, Petitioner seeks to challenge his federal conviction and sentence on drug charges. In so doing, Petitioner seeks to challenge this Court's jurisdiction in his criminal case ab initio. Nothing in the arguments Petitioner now seeks to raise regarding the Court's jurisdiction presents a claim that Petitioner was in any way prevented from raising in his prior § 2255 motion, during his direct appeal, or, indeed, at any time during his trial. *See, e.g.,* Fed. R. Crim. P. 12(b)(2) (permitting a motion arguing that a court lacks jurisdiction to be "made at any time while the case is pending"). Likewise, Petitioner's remaining claims, that the warrant issuing court lacked probable cause or that he was denied a fair trial, were more than capable of being raised during his trial, on direct appeal, or in his § 2255 motion. None of Petitioner's claims rely on information or caselaw which was previously unavailable, and none of Petitioner's claims assert that he was convicted of an offense now rendered non-criminal. The only thing that would prevent Petitioner from being able to present these claims via a § 2255 motion is Petitioner's inability to meet the gatekeeping requirements of a motion to vacate sentence – specifically the one year statute of limitations – and his failure to raise these claims in his previously filed and still pending first § 2255 motion. Thus, Petitioner's claims clearly do not meet the *Dorsainvil* exception, and this Court is therefore required to construe Petitioner's current challenges as either

5

a second § 2255 motion or an attempt to amend his already pending § 2255 motion (Docket No. 13-6585) to contain his new claims.[2]

Construing Petitioner's current habeas petition as either a new § 2255 motion or an attempt to amend his currently pending § 2255 motion, however, it is clear that Petitioner's newly raised claims are all time-barred. All § 2255 motions are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). That limitations period begins to run from the latest of the following: the date the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if the motion is based on a newly recognized right made retroactive to collateral review matters, or the date on which the facts supporting the claim could first have been discovered through due diligence. § 2255(f)(1)-(4). As Petitioner's arguments do not rely on a newly established right, and are not based on facts previously undiscoverable, and because Petitioner has not shown that an impediment prevented him from raising them sooner, Petitioner's statute runs from the date on which his conviction became final. A conviction is final for § 2255 purposes at the conclusion of direct appeal. *See, e.g., Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014).

Even giving Petitioner the benefit of the date on which his petition for rehearing was denied by the Supreme Court, *cf. United States v. Segers*, 271 F.3d 181, 185-86 (4th Cir. 2001) (collecting cases ruling that petition for rehearing does not extend limitations period), his conviction was final,

---

[2] Although this is, in effect, Petitioner's chronologically second motion to vacate sentence, because his original motion has yet to be denied in its entirety, the current petition is not yet clearly a second or successive § 2255 motion brought without leave in so much as this motion would not be successive in the event Petitioner's first § 2255 motion is granted.

at the latest, on December 9, 2013.  Petitioner's one year statute of limitations had therefore run as of December 9, 2014.  That Petitioner has a pending § 2255 motion does not change this fact. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (federal habeas petition does not toll statute of limitations for further habeas review).  Thus, absent some form of equitable tolling, the § 2255 statute of limitations has run as to all of the claims Petitioner now seeks to raise in his current petition.

Although the statute of limitations for a § 2255 motion is subject to equitable tolling, such tolling "is a remedy which should be invoked only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  A petitioner is therefore only entitled to tolling where he can "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).  Mere excusable neglect is insufficient to warrant tolling of the statute of limitations.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

In his current petition, Petitioner presents no meritorious basis for the nearly two years of equitable tolling his new claims would require, and this Court perceives no such basis given the history of this matter and Petitioner's already having filed and litigated his prior § 2255 motion. This Court will therefore dismiss his current habeas petition as it in actuality presents either a time barred second § 2255 motion or an attempt to amend his pending § 2255 motion to add additional claims which are all time barred.  Because Petitioner has not presented any basis for tolling in so much as he filed this matter as a § 2241 petition, however, this Court will dismiss this matter without prejudice and permit Petitioner to raise any basis he may have for tolling by filing either

an amended § 2255 motion or a motion to amend his already pending § 2255 motion within thirty days.

### III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice as it is essentially a time barred § 2255 motion. An appropriate order follows.


September 20, 2016                              ___*s/ Susan D. Wigenton*___
                                                Hon. Susan D. Wigenton,
                                                United States District Judge