**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| TOMMIE TELFAIR, | : | |
| | : | Civil Action No. 16-5085 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LORETTA LYNCH, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Tommie Telfair's motion for reconsideration of the dismissal of his petition for a writ of habeas corpus without prejudice as it was essentially a time barred motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.   (ECF No. 5).   For the reasons set forth below, this Court will deny the motion.

## I.  BACKGROUND

In the opinion dismissing Petitioner's current petition as time barred, this Court provided the following factual summary of the background of this matter:

> Petitioner, Tommie Telfair, seeks in his current habeas petition to challenge his conviction for conspiracy to distribute and possession with intent to distribute one kilogram or more of cocaine, essentially by challenging this Court's jurisdiction to hear his criminal matter by asserting both that Congress never gave this Court jurisdiction over such criminal matters and that, even if Congress had done so, the Court never acquired jurisdiction over Petitioner because he was not served with process prior to his being arrested.   (ECF Nos. 1-

2).   Following a guilty verdict in February 2010, Petitioner was sentenced to 240 months imprisonment on both charges, to run concurrently with one another, as well as a period of supervised release, in November 2011.  *See United States v. Telfair*, 507 F. App'x 164, 169 (3d Cir. 2012), *cert. denied*, --- U.S. ---, 134 S. Ct. 167 (2013); *Telfair v. United States*, No. 13-6585, 2016 WL 632225, at * 9-10 (D.N.J. Feb. 17, 2016).  Following his conviction, Petitioner appealed.   On direct appeal, however, Petitioner's attorney filed an *Anders* brief, arguing that there was no meritorious basis for an appeal in his professional judgment, and arguing that the appeal should be dismissed.   *Telfair*, 507 F. App'x at 169-70; *see also Anders v. California*, 386 U.S. 738, 744 (1967).   Although the Third Circuit found counsel's *Anders* brief inadequate, the Court of Appeals ultimately concluded after a thorough review that Petitioner's case presented no meritorious basis for appeal, and affirmed Petitioner's conviction in December 2012.  *Telfair*, 507 F. App'x at 171-79.   Petitioner petitioned for certiorari, but that petition was denied on October 7, 2013.   *Telfair v. United States*, --- U.S. ---, 134 S. Ct. 167 (2013).   Petitioner's request for a rehearing before the Supreme Court was likewise denied on December 9, 2013.   *Telfair v. United States*, --- U.S. ---, 134 S. Ct. 815 (2013).

Following the conclusion of his direct appeal, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in this Court on or about October 25, 2013.   (Docket No. 13-6586 at ECF No. 1).   On February 17, 2016, this Court entered an order and opinion denying all of Petitioner's § 2255 claims except one – Petitioner's claim that he should have been granted a hearing as to his *Miranda* suppression motion – and denied Petitioner a certificate of appealability as to all of his denied claims.[1]   *See Telfair*, 2016 WL 632225 at *10-26.   (*See also* Docket No. 13-6585 at ECF Nos. 36-37).   An evidentiary hearing on Petitioner's *Miranda* claim in his § 2255 matter is currently set for December 15, 2016.   (Docket No. 13-6585 Docket Sheet).

On or about August 19, 2016, Petitioner filed the instant habeas petition, purportedly brought pursuant to 28 U.S.C. § 2241.  (ECF No. 1).   Petitioner thereafter filed a brief in support of that Petition on or about September 1, 2016).   (ECF No. 2).

---

[1] "Petitioner initially attempted to appeal the February 2016 Order, but that appeal was dismissed for lack of jurisdiction in June 2016."   (ECF No. 3 at 2).

(ECF No. 3 at 1-2).

On September 20, 2016, this Court entered an order and opinion dismissing Petitioner's purported habeas petition as an untimely motion to vacate sentence. (ECF Nos. 3-4). In so doing, this Court explained as follows:

> Petitioner seeks to use § 2241 to challenge his federal conviction and sentence. A challenge to the validity of a federal conviction or sentence, however, must normally be brought pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). As the Third Circuit has explained, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (quoting *Cradle . U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Id.* (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21 (finding exception does not apply where a petitioner claims that his sentence, which was originally proper, now violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Dorsainvil*, 119 F.3d at 251-52 (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim). Section 2255 is therefore not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251). The inadequate remedy safety valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539.

3

In this matter, Petitioner seeks to challenge his federal conviction and sentence on drug charges.  In so doing, Petitioner seeks to challenge this Court's jurisdiction in his criminal case ab initio.  Nothing in the arguments Petitioner now seeks to raise regarding the Court's jurisdiction presents a claim that Petitioner was in any way prevented from raising in his prior § 2255 motion, during his direct appeal, or, indeed, at any time during his trial.  *See, e.g.*, Fed. R. Crim. P. 12(b)(2) (permitting a motion arguing that a court lacks jurisdiction to be "made at any time while the case is pending").  Likewise, Petitioner's remaining claims, that the warrant issuing court lacked probable cause or that he was denied a fair trial, were more than capable of being raised during his trial, on direct appeal, or in his § 2255 motion.  None of Petitioner's claims rely on information or caselaw which was previously unavailable, and none of Petitioner's claims assert that he was convicted of an offense now rendered non-criminal.  The only thing that would prevent Petitioner from being able to present these claims via a § 2255 motion is Petitioner's inability to meet the gatekeeping requirements of a motion to vacate sentence – specifically the one year statute of limitations – and his failure to raise these claims in his previously filed and still pending first § 2255 motion.  Thus, Petitioner's claims clearly do not meet the *Dorsainvil* exception, and this Court is therefore required to construe Petitioner's current challenges as either a second § 2255 motion or an attempt to amend his already pending § 2255 motion (Docket No. 13-6585) to contain his new claims.[2]

Construing Petitioner's current habeas petition as either a new § 2255 motion or an attempt to amend his currently pending § 2255 motion, however, it is clear that Petitioner's newly raised claims are all time-barred.  All § 2255 motions are subject to a one year statute of limitations.  28 U.S.C. § 2255(f).  That limitations period begins to run from the latest of the following: the date the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if the motion is based

---

[2] "Although this is, in effect, Petitioner's chronologically second motion to vacate sentence, because his original motion has yet to be denied in its entirety, the current petition is not yet clearly a second or successive § 2255 motion brought without leave in so much as this motion would not be successive in the event Petitioner's first § 2255 motion is granted."  (ECF No. 3 at 5).

on a newly recognized right made retroactive to collateral review matters, or the date on which the facts supporting the calm could first have been discovered through due diligence.  § 2255(f)(1)-(4). As Petitioner's arguments do not rely on a newly established right, and are not based on facts previously undiscoverable, and because Petitioner has not shown that an impediment prevented him from raising them sooner, Petitioner's statute runs from the date on which his conviction became final.  A conviction is final for § 2255 purposes at the conclusion of direct appeal.  *See, e.g., Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014).

Even giving Petitioner the benefit of the date on which his petition for rehearing was denied by the Supreme Court, *cf. United States v. Segers*, 271 F.3d 181, 185-86 (4th Cir. 2001) (collecting cases ruling that petition for rehearing does not extend limitations period), his conviction was final, at the latest, on December 9, 2013. Petitioner's one year statute of limitations had therefore run as of December 9, 2014.  That Petitioner has a pending § 2255 motion does not change this fact.  *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (federal habeas petition does not toll statute of limitations for further habeas review).  Thus, absent some form of equitable tolling, the § 2255 statute of limitations has run as to all of the claims Petitioner now seeks to raise in his current petition.

Although the statute of limitations for a § 2255 motion is subject to equitable tolling, such tolling "is a remedy which should be invoked only sparingly.'"  *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  A petitioner is therefore only entitled to tolling where he can "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."  *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

In his current petition, Petitioner presents no meritorious basis for the nearly two years of  equitable tolling his new claims would require, and this Court perceives no such basis given the history of this matter and Petitioner's already having filed and litigated his prior § 2255 motion.  This Court will therefore dismiss

5

his current habeas petition as it in actuality presents either a time barred second § 2255 motion or an attempt to amend his pending § 2255 motion to add additional claims which are all time barred. Because Petitioner has not presented any basis for tolling in so much as he filed this matter as a § 2241 petition, however, this Court will dismiss this matter without prejudice and permit Petitioner to raise any basis he may have for tolling by filing either an amended § 2255 motion or a motion to amend his already pending § 2255 motion within thirty days.

(ECF No. 3 at 4-8).

On or about September 30, 2016, Petitioner filed his instant motion seeking reconsideration of the dismissal of his habeas petition.  (ECF No. 5).  Petitioner does not state in his motion whether he seeks relief under Local Civil Rule 7.1(i) or Federal Rule of Civil Procedure 59(e). Because the same standard would apply regardless, and because this Court's dismissal of Petitioner's habeas petition could arguably be considered final to the extent Petitioner chooses not to argue for equitable tolling, this Court will consider Petitioner's motion as if raised pursuant to both rules.

## II.  DISCUSSION

### A.  Legal Standard

Petitioner seeks to have this Court reconsider the dismissal of his purported habeas petition as an untimely § 2255 motion.   Motions for reconsideration, whether brought pursuant to the local civil rules or Rule 59(e), should only be granted sparingly.  *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)).   An order of this Court may be altered or amended pursuant to such a motion only where the moving party establishes one

of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

### B. Analysis

In his motion for reconsideration, Petitioner incorrectly asserts that this Court considered only one of his claims in dismissing his original petition as time barred, and cites to caselaw which preceded the adoption of the current federal habeas framework for the proposition that reconstruing his petition as a motion to vacate sentence denies him the benefit of the "great writ" of habeas corpus. A review of this Court's order dismissing Petitioner's purported habeas petition clearly shows that this Court considered all of the arguments Petitioner raised in that petition: that this Court lacked jurisdiction over Petitioner to try him for his crimes, either for lack of proper service of process or because Petitioner argues that this Court has no proper authority over him; that his

arrest was not based on probable cause, and Petitioner's exceedingly broad claim that he was denied a fair trial.  (ECF No. 3 at 4-8).  This Court considered all of the claims raised in Petitioner's purported habeas petition and memorandum in support thereof, and found that all of those claims could have been, but were not, previously raised to the extent they were not the same as those claims raised in his ongoing, previous § 2255 matter, and the only thing preventing Petitioner from raising them in a new § 2255 motion was his inability to meet § 2255's gatekeeping requirements.   Thus, Petitioner's argument that his claims were ignored is factually incorrect, and this Court did not overlook any of his claims in finding that his petition was not properly raised under § 2241 but instead arose under § 2255.

Turning to Petitioner's second argument, that he is being denied the benefit of the "great writ" of habeas corpus, Petitioner relies in this argument almost entirely upon hoary old caselaw arising prior to the adoption of the current federal habeas corpus scheme, specifically *Ex parte Tom Tong*, 108 U.S. 556 (1883), and *Ex parte Bollman*, 8 U.S. 75 (1807).   Both of those cases predate the adoption of 28 U.S.C. § 2255 (first adopted in 1948) and the modern federal habeas corpus scheme, as well as the refinement of that scheme via the AEDPA statute of limitations embodied in § 2255(f) which was adopted in 1996.   Thus, both *Tom Tong* and *Bollman* do not provide support for Petitioner's point as they were decided long before the adoption of the current federal habeas scheme, and are therefore silent as to the issues at play here.

As this Court previously explained to Petitioner, in the current habeas scheme, § 2255 is the presumptive means for testing the validity of a federal conviction or sentence, such as through the claims Petitioner attempted to raise in his current purported habeas petition.  *Okereke*, 307 F.3d at 120.   A federal prisoner may only resort to use of § 2241, the more general habeas statute,

8

where the remedy available under § 2255 is inadequate or ineffective.   *Concepcion*, 442 F. App'x

at 623.   For the reasons expressed in this Court's prior opinion which are quoted above, § 2255 is

neither inadequate or ineffective to test the validity of Petitioner's conviction as he could have

raised all of the claims he now seeks to raise previously but, to the extent his claims are different

from those raised in his already pending § 2255 motion, did not do so.   As such, he cannot resort

to § 2241, and instead may only challenge his sentence on the bases raised here via § 2255.   This

Court therefore properly reconstrued his petition as a motion to vacate sentence, and dismissed it

without prejudice as untimely.   In so doing, this Court did not overlook any relevant facts or case

law, and Petitioner has failed to present any argument that the state of the law has changed since

that decision was rendered.   As there is no manifest injustice or clear error to be corrected, and as

Petitioner has presented no newly available evidence which he could not previously have raised,

he has presented no valid basis for reconsideration, and his motion must be denied.   *Blystone*, 664

F.3d at 415; *Delanoy*, 2015 WL 2235106 at *2.

## III. CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration (ECF No. 5) is

DENIED.   An appropriate order follows.

Dated: December 1, 2016                            _s/ Susan D. Wigenton__
                                                   Hon. Susan D. Wigenton,
                                                   United States District Judge

9